OPINION
{¶ 1} Appellant Walter William Hogue appeals the decision of the Knox County Court of Common Pleas classifying him as a sexual predator. The relevant facts leading to this appeal are as follows.
 {¶ 2} On August 14, 1989, appellant pled guilty to two counts of rape. Appellant was thereafter sentenced to concurrent terms of incarceration of ten to twenty-five years. Appellant has remained in prison since that time. On July 19, 2002, appellant appeared with counsel before the trial court for the purpose of a sexual predator classification hearing. The hearing proceeded via a review by the judge of the court file and a presentence investigation, as well as brief statements of counsel.
 {¶ 3} The trial court thereupon concluded that appellant was a sexual predator and issued a judgment entry to that effect. Appellant filed a notice of appeal on August 12, 2002, and herein raises the following sole Assignment of Error:
 {¶ 4} "I. DEFENDANT-APPELLANT WAS IMPROPERLY CLASSIFIED AS A SEXUAL PREDATOR."
 I. {¶ 5} In his sole Assignment of Error, appellant contends the State failed to show clear and convincing evidence warranting a sexual predator classification. We disagree.
 {¶ 6} In State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review both Assignments of Error together under the standard of review contained in C.E. Morris Co.v. Foley Construction (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Id. at syllabus. R.C.2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 7} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following: (a) The offender's or delinquent child's age; (b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made; (d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims; (e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender or delinquent child; (h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 8} The trial court found in its judgment entry of July 23, 2002, that appellant had perpetrated in the past against multiple victims, "so many he `could not remember.'" The court also found appellant had committed sexual offenses against victims ranging from five to thirteen years of age. Appellant had admitted to being a sexual abuser since the age of seven, the court noted. In the case sub judice, appellant contends the record is "completely devoid" of any evidence suggesting he is likely to engage in the future in sexually oriented offenses. However, in Cook, supra, at 425, the Supreme Court stated that "reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge." The 1989 PSI in this matter indicates that ten boys were interviewed during the investigation, all of whom alleged sexual victimization by appellant. The frequency of occurrence per child victim ranged from a low of one act to a high of thirty acts perpetrated. Appellant was found in the PSI to have engaged in fellatio, masturbation, and simulated anal sex with said minors. Appellant told investigators he would lure victims via pornography and video games, and on some occasions would slap and hit the children during sexual activity.
 {¶ 9} This Court has previously emphasized the inherent gravity of sexual offenses against minors: "The overwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of [the] offender's inability to refrain from such illegal conduct." Statev. Jones (July 23, 2001), Stark App. No. 2000CA00350, quoting State v.Maynard (1999), 132 Ohio App.3d 820, 826. See, also, State v. Covill, Stark App. No. 2001CA00074, 2001-Ohio-1679.
 {¶ 10} Accordingly, based on the foregoing, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(3) and that there was competent, credible evidence to support the sexual predator findings made by the trial court at the sentencing hearing. We further find that the evidence presented to the trial court at the hearing supports the finding that appellant is a sexual predator and is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 11} Appellant's sole Assignment of Error is overruled.
 {¶ 12} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed.
By: Wise, J.
Farmer, P.J., and
Boggins, J., concur.